**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| EDUARDO VLADIMIR RIVAS ARIAS,<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR, BUTLER COUNTY JAIL, et al.,<br><br>Respondents. | Case No. 1:26-CV-854<br><br>Judge Michael R. Barrett<br><br>**ORDER** |

This matter is before the Court on the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Eduardo Vladimir Rivas Arias. (Doc. 1). Petitioner also seeks injunctive relief, (Doc. 2), and moves for leave to supplement the record, (Doc. 10; Doc. 11). Federal Respondents have filed a return writ and response, (Doc. 7), as well as supplemental briefing at the invitation of the Court, (Doc. 9).

As an initial matter, the Court rejects Respondents' categorical contention that it lacks jurisdiction to consider the legality of Petitioner's detention. The Court's jurisdiction extends to habeas challenges of immigration-related detention, even when that detention is pursuant to an order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Nevertheless, the Court concludes that the present record does not establish an entitlement to habeas relief in the form of release.

Petitioner is in custody pursuant to a final order of removal to El Salvador. (Doc. 7-4). As a result of that final order of removal, Petitioner's detention is governed by 8 U.S.C. § 1231(a). *See Zadvydas*, 533 U.S. at 683. The Supreme Court has interpreted § 1231(a) as implicitly containing a time limitation of six months in which mandatory detention of a noncitizen pending removal is reasonable, *id.* at 701, and Petitioner's post-removal-order detention period does not exceed that limitation. Moreover, even if Petitioner had been held in excess of the presumptively reasonable period, he would still be required to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Petitioner also seeks to supplement the record with sworn declarations describing encounters with immigration agents during the course of his detention. (Doc. 10; Doc. 11). He alleges, among other things, that he has been pressured to sign documents and been told by immigration officials that refusing to sign them would prolong his detention. But these allegations are not findings of fact; even if considered as presented, they do not establish that Petitioner's present detention is unauthorized by law.

Accordingly, the Motions to Supplement the Record, (Doc. 10; Doc. 11), are **GRANTED** to the extent that the Court has considered Petitioner's sworn declarations. The Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, (Doc. 2), is **DENIED**, and the Motion to Dismiss for Failure to State a Claim, (Doc. 6), is **DENIED** as moot. The Petition for a Writ of Habeas Corpus, (Doc. 1), is **DISMISSED** without prejudice, and any request to enjoin, stay,

or otherwise restrain execution of a final order of removal is **DENIED**. The Clerk is **DIRECTED** to enter judgment and close this matter.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge